L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
T: (800) 219-3577
F:(323) 207-3885
pmankin@Paulmankin.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA CLARK,<br><br>            Plaintiff,<br><br>   vs.<br><br><br>STELLAR RECOVERY, INC.,<br><br>            Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**3. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE §1785.25(A)** |

## INTRODUCTION

1.     Georgia Clark (Plaintiff) brings this action to secure redress from Stellar Recovery, Inc. (Defendant) for violations of the Fair Debt Collection

COMPLAINT FOR DAMAGES

Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff also brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and the California Consumer Credit Reporting Act (CCCRA), Cal. Civ. Code § 1785.25(a).

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff is an individual, residing in Alameda County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5.       Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7.      Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8.      On or about April 8, 2015, Plaintiff obtained her consumer credit report from Equifax, Inc.

9.      Upon review of her consumer credit report she noticed that Defendant was reporting two collection accounts for Comcast:   (1) collection tradeline with an alleged balance of $120.00 and (2) another collection tradeline with an alleged balance of $700.00.

10.     The collection tradeline alleging a balance of $120.00 states a first date of delinquency of June 2010 and the collection tradeline alleging a balance of $700.00 states a first date of delinquency of April 2012.

11.     Plaintiff has not subscribed to a service with Comcast and Plaintiff certainly did not subscribe to two separate Comcast services at the same time.

12.     Consequently, Defendant is attempting to collect a debt not legally owed.

13.     As a result Defendant's actions and this tradeline, Plaintiff's credit score has been illegally negatively affected.

## FIRST CAUSE OF ACTION

### (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

14.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.      Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)     Defendant violated 15 U.S.C. §1692e(2) by attempting to collect an amount not legally owed;

(b)     Defendant violated 15 U.S.C. §1692e(8) by reporting false credit information on Plaintiff's consumer credit report;

- 3 -

(c)     Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(d) Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by agreement.

16.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

20.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

24.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

25.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b)     Statutory damages pursuant to statute(s);

(c)     Punitive damages pursuant to statute;

(d)     Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

COMPLAINT FOR DAMAGES

(e)     For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


RESPECTFULLY SUBMITTED,

Dated: April 20, 2015          **The Law Office of L. Paul Mankin**


By: /s/ L. Paul Mankin_____

L. Paul Mankin
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES